UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KEVIN FLICEK,<br>*As Trustee for the Heirs and*<br>*Next of Kin of*<br>*Sinthanouxay Khottavongsa,*<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF BROOKLYN CENTER,<br>ALAN SALVOSA,<br>CODY TURNER and<br>GREGG NORDBY,<br>*Police Officers acting in their*<br>*individual capacity as*<br>*City of Brooklyn Center*<br>*police officers,*<br><br>    Defendants. | CIVIL NO. 16-1031 (PAM/DTS)<br><br><br><br><br><br>**THIRD ORDER** FOR<br><u>SETTLEMENT CONFERENCE</u> |

This document is an Order of the Court and should be read carefully. All parties, including those appearing *pro* se are expected to comply with the contents of this Order, including specifically, the requirements for the confidential settlement letter.

A settlement conference will be held on **July 20, 2018 at 9:00 a.m. in Chambers 9E, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota,** before the undersigned United States Magistrate Judge. All participants should plan on spending the entire day and evening, if necessary, at this settlement conference.

I.      **WHO MUST ATTEND**

**Counsel who will actually try the case and each party, armed with full settlement discretion, shall be present:**

1

- Each party must attend through a person who has plenary authority to change that party's settlement posture during the course of the conference. If the party representative has a limit, or "cap" on his or her authority, this requirement is not satisfied.

- If individuals are parties to this case, they shall be present.

- If a corporation or other collective entity is a party, a duly authorized **officer** or **managing agent** of that party shall be present. In all cases, the duly authorized officer or managing agent with settlement discretion cannot be in-house counsel directly managing the litigation.

- **In employment law cases the decision maker involved in any alleged adverse employment action against Plaintiff cannot be the individual with settlement discretion.**

- If an insurance company is involved, the responsible agent must be present.

II. **APPEARANCE BY TELEPHONE**

Appearances by telephone are not permitted except in extraordinary circumstances, which must be brought to the attention of the Court and all parties no later than one week prior to the settlement conference by first contacting the Court by telephone to receive permission to electronically file a letter setting forth a full explanation of the circumstances. Any responses to such a letter shall be electronically filed no later than one business day following the filing of the letter request.

III. **MANDATORY PRE-CONFERENCE DISCUSSION**

In order to encourage the parties to address the issue of settlement on their own, counsel must meet in person or telephonically with one another on or before **July 12, 2018** to engage in a full and frank discussion of settlement. Each party will confirm whether their last offer/demand is still open/renewed. If either side withdraws or fails to renew its last settlement offer that party **shall** explain in its letter to the court its justification for this change in position.

SETTLEMENT LETTER

Each attorney shall submit to the undersigned on or before **July 17, 2018,** a confidential letter, which **shall** inform the court of any significant developments since the last settlement conference, but shall not repeat prior correspondence to the Court. This letter is for the Court's use only and should not be served on opposing counsel nor filed on ECF. Counsel should email their confidential settlement letter as a Word document to chambers at Schultz_chambers@mnd.uscourts.gov.

IV.  **FAILURE TO COMPLY WITH COURT ORDER**

Failure of any party or insurance company to comply with any part of this **Order, including failure to submit the letter in the format requested with the information required,** may result in the postponement of the settlement conference and imposition of an appropriate sanction on the party, company or attorney who has failed to comply. Please be advised that Fed. R. Civ. P. 16(f) specifically provides:

> (f) Sanctions.
>
> (1) *In General.* On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:
>
> (A) fails to appear at a scheduling or other pretrial conference;
>
> (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
>
> (C) fails to obey a scheduling or other pretrial order.
>
> (2) **Imposing Fees and Costs.** Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including

>attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Dated:     July 10, 2018

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge